UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN BRIAN LONG, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C06-180-TSZ-JPD |
| ) | (CR90-81-TSZ) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | REPORT & RECOMMENDATION |
| ) | |
| Respondent ) | |
| _____ ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Steven Brian Long has filed a petition for writ of error *coram nobis* under the "All Writs Act," 28 U.S.C. 1651(a) to challenge his 1990 conviction on a drug charge. The government has filed an answer to petitioner's petition, and petitioner has filed a response to the government's answer. The briefing is complete and this matter is ripe for review. This Court, having reviewed the briefing of the parties, concludes that petitioner's petition for writ of error *coram nobis* should be denied.

BACKGROUND

On February 26, 1990, petitioner was arrested at the Peace Arch Port of Entry in Blaine, Washington after phenylacetic acid was found in his rental vehicle. (CR90-81Z, Dkt. No. 1.) Phenylacetic acid is a listed precursor chemical which is used in the manufacture of

REPORT AND RECOMMENDATION
PAGE - 1

methamphetamine.  *See id*. and 21 U.S.C. § 802(34).  Petitioner was subsequently indicted on charges of conspiracy to manufacture in excess of one kilogram of methamphetamine (Count 1); importation of a listed chemical, knowing it would be used to manufacture methamphetamine (Count 2); possession of a listed chemical with intent to manufacture methamphetamine (Count 3); and, carrying a firearm during and in relation to a drug trafficking offense (Count 4).  (*Id*., Dkt. No. 22.)

On May 18, 1990, petitioner entered a plea of guilty to the importation charge pursuant to a plea agreement.  (*See id*, Dkt. Nos. 58 and 59.)  As a part of the plea agreement, petitioner agreed to a 10 year term of imprisonment, and the government agreed to dismiss all remaining charges.  (*Id*., Dkt. No. 58.)  Petitioner was thereafter sentenced by the Honorable Thomas S. Zilly, United States District Judge, to a 10 year term of imprisonment.  (*Id*., Dkt. No. 101.)  Petitioner appealed his sentence to the Ninth Circuit Court of Appeals, and the Ninth Circuit upheld the sentence.  (*Id*., Dkt. No. 128.)

In April 1991, while his direct appeal was still pending in the Ninth Circuit, petitioner filed a motion to dismiss the superseding indictment in which he argued that the superseding indictment did not state an offense against the United States of America because phenylacetic acid was unlawfully included in the schedule of prescursor chemicals in 21 U.S.C. § 802(34).  (*Id*., Dkt. Nos. 116 and 117.)  Petitioner argued that the court was therefore "without jurisdiction to hear, try, accept a plea or pass sentence upon such an indictment."  (*Id*.)  Petitioner's motion was construed by Judge Zilly as a motion under 28 U.S.C. § 2255 and was denied, without prejudice, pending resolution of petitioner's direct appeal.  (*Id*., Dkt. No. 122.)

In January 1992, after the conclusion of his direct appeal, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in which he presented the same issue presented in his prior motion to dismiss the superseding indictment.  (CR90-81Z, Dkt. No. 125.)  Judge Zilly denied petitioner's motion in June 1992.  Petitioner unsuccessfully appealed the denial of his § 2255 motion to the Ninth Circuit Court

REPORT AND RECOMMENDATION
PAGE - 2

of Appeals. (*Id.*, Dkt. No. 156.)

In November 1992, before the Ninth Circuit had ruled on petitioner's appeal of the denial of his § 2255 motion, petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (*Id.*, Dkt. No. 142.) He argued therein that he was entitled to a reduction in his sentence in light of amendments to the United States Sentencing Guidelines. (*Id.*) That motion was denied by Judge Zilly in December 1992. (*Id.*, Dkt. No. 144.) Petitioner apparently appealed the denial of his motion to modify his sentence, and the Ninth Circuit affirmed Judge Zilly's ruling. (*See id.*, Dkt. No. 161.)

In November 1994, petitioner filed a second motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner once again argued that he was entitled to a reduction in his sentence in light of amendments to the United States Sentencing Guidelines. (*Id.*, Dkt. No. 162.) Judge Zilly denied that motion. (*Id.*, Dkt. No. 164.) Petitioner once again appealed Judge Zilly's decision to the Ninth Circuit, and once again the Ninth Circuit affirmed Judge Zilly's ruling. (*Id.*, Dkt. Nos. 166 and 186.)

In October 1995, petitioner filed a motion to correct/amend his final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.*, Dkt. No. 188.) Petitioner argued therein that the Sentencing Guidelines were incorrectly applied in his case and that he had been denied effective assistance of counsel at sentencing. (*Id.*, Dkt. Nos. 188 and 189.) In January 1996, Judge Zilly ordered that petitioner's motion be stricken on the grounds that the rules governing civil procedure were not available to him. (*Id.*, Dkt. No. 195.)

Petitioner was released from prison in July 1997 (*see* Dkt. No. 1 at 10), and he has completed his term of supervised release. Petitioner now once again seeks review of his conviction in this Court.

## DISCUSSION

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner, by way of the instant petition, seeks relief from his 1990 conviction on a charge of importation of a listed chemical into the United States in violation of 21 U.S.C. § 960(d)(2). Petitioner argues that he is innocent of that crime because the chemical in his possession did not cross the border and enter into the territorial jurisdiction of the United States.  In support of this argument, petitioner relies on the Oregon Treaty of 1846 which provides that the 49th parallel of north latitude constitutes the border between the United States and Canada.  Petitioner contends that the Peace Arch Port of Entry, where the alleged crime occurred, is an exact geographical location situated approximately 200 feet north of the 49th parallel.  Petitioner asserts that this Court has jurisdiction to consider the instant petition under the All Writs Act, 28 U.S.C. § 1651, through the writ of *coram nobis*.

The United States Supreme Court has held that coram nobis relief is available to challenge the validity of a conviction where, as here the petitioner's sentence has been fully served. *United States v. Morgan*, 346 U.S. 502 (1954).  However, coram nobis relief is available only in limited circumstances.  In order to qualify for *coram nobis* relief, a petitioner must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005) (citation omitted).

Petitioner asserts that he meets all of the requirements to qualify for *coram nobis* relief.[1]  The government disagrees and argues that the instant petition should be dismissed for "plain untimeliness" as there is no excuse for petitioner having waited 15 years to assert the present

---

[1] There is little question that petitioner meets the first and third requirements for *coram nobis* relief.  As petitioner is no longer in custody, there is no more usual remedy available to him.  And, collateral consequences are presumed to flow from a criminal conviction. *See Hirabayashi v. United States*, 828 F.2d 591, 606 (9th Cir. 1987).

REPORT AND RECOMMENDATION
PAGE - 4

challenge to his conviction. Petitioner acknowledges the lengthy delay in bringing this claim before the Court, but argues that sound reasons exist for the delay.

Petitioner indicates in his petition that he first became aware of the issue presented here while incarcerated at FCI Lompoc. Petitioner states that he learned from another prisoner that yet another prisoner had won some form of relief in the Western District of Washington on the grounds that the Peace Arch Port of Entry is not situated within the territorial jurisdiction of the United States.[2] While petitioner does not specify precisely when he received this information, he does state that after learning about the potential claim he immediately contacted his court appointed counsel to inform him of the jurisdictional error and request that he raise the issue on direct appeal. Petitioner's appeal was decided in December 1991. It is therefore reasonable to assume that petitioner became aware of the issue prior to that date.

Petitioner asserts that when his counsel refused to raise the issue on his direct appeal, he began to research the issue himself. Petitioner claims that his efforts to research the issue were restricted by the limitations of the prison law library, and the prison itself, but that he did his best to research the issue prior to his release in July 1997. Petitioner states that after his release he continued to research to issue while also reintegrating himself into his community, assisting in family matters, and working. Petitioner maintains that these constitute sound reasons for not challenging his conviction earlier. This Court disagrees.

Petitioner offers no valid reason for presenting this challenge to the Court almost 16 years after his conviction. While it is clear that petitioner has had other demands on his time during the intervening years, the Court notes that petitioner did manage to file several challenges to his conviction and/or sentence during the years that he was incarcerated. The Court is not satisfied that

---

[2] Notably, petitioner does not cite to any such case.

REPORT AND RECOMMENDATION
PAGE - 5

1  petitioner could not have, through the exercise of reasonable diligence, presented the current issue to
2  the Court for consideration many years ago.

3      While in this Court's view the timeliness issue is dispositive, the Court also notes that
4  petitioner has not shown that he is entitled to relief on the merits of his claim.  Petitioner cites to a
5  single case which addresses a legal issue similar to the one raised here, and that case goes against, not
6  in favor of, petitioner's position.  *See State of Washington v. Norman*, 145 Wn. 2d 578, 40 P.3d 1161
7  (2002).  In *Norman*, the Washington Supreme Court was presented with the question of whether the
8  State of Washington had jurisdiction to prosecute defendants "for alleged crimes committed north of
9  the 49th parallel, as located by present day geographers and surveyors, but south of the international
10 boundary between the United States and Canada."  *Norman*, 145 Wn.2d at 580.  In deciding this
11 issue, the court carefully considered the history of the United States/Canada international boundary
12 and the history of Washington State's admission into the Union and its boundary.  *See id*. at 581.

13     A review of the court's factual findings and analysis reveals that while the international
14 boundary is deemed to be on the 49th parallel, as established by the 1846 Oregon Treaty, survey
15 methods used to demarcate that boundary resulted in a line that was not always on the 49th parallel.
16 *Id*. at 583.  Despite these irregularties, however, the boundary marked on the ground is recognized as
17 the international boundary and has been so recognized since the late 1800s.  *Id*. at 584, 591.  The
18 majority, in *Norman*, ultimately held that Washington's northern boundary is coextensive with the
19 international boundary, as marked, rather than along the 49th parallel.  *See id*. at 580.

20     While the Washington Supreme Court's decision in *Norman* is not binding on this Court, its
21 reasoning regarding the location of the international boundary is certainly persuasive.  Petitioner's
22 characterization of the majority opinion in *Norman* as a "sham" lends nothing to his position in this
23 case, and he offers no other authority suggesting that he may be entitled to relief with respect to his
24 jurisdictional claim.

REPORT AND RECOMMENDATION
PAGE - 6

## CONCLUSION

Petitioner fails to persuade the Court that valid reasons exits for not challenging his conviction on the grounds presented here earlier.  And, in any event, he has not shown he is entitled to relief on the merits of his claim.  Accordingly, this Court recommends that petitioner's petition for writ of error *coram nobis* be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 4th day of October, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge